# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SAFIDI CAUTHEN, JR., | Case No. 1:12 cv 01747 LJO DLB (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S NOTICE AND MOTION FOR DOCUMENTS |
| v. | (Documents 23 and 24) |
| RIVERA et al., | |
| Defendants. | |

Plaintiff David Safidi Cauthen, Jr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 26, 2012. The action is proceeding on (1) excessive force in violation of the Eighth Amendment against Defendants Rivera, Negrete, Northcutt, Arreola, King and Waddle; (2) unreasonable search in violation of the Fourth and Eighth Amendments against Defendants Rivera, Negrete and Waddle; (3) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Mackey; and (4) violation of the First Amendment and RLUIPA against Defendants Rivera, Negrete and Waddle.

On August 22, 2013, Defendants Arreola, Mackey, Negrete, Northcutt, Rivera and Waddle filed a motion to dismiss. Plaintiff has been granted an extension of time to oppose the motion.

On September 23, 2013, Plaintiff filed a "Notice Inquiry to the Clerk of Court" and a motion requesting that the Court provide copies of certain documents.

1

In Plaintiff's "Notice Inquiry," he asks whether all Defendants have been served. Though the Court does not generally respond to requests for status, it will provide information in this instance because some, but not all, Defendants have appeared. The motion to dismiss was filed by all Defendants except for Defendant King, who does not appear to have been served as of yet. However, the United States Marshal has not yet informed the Court that it is unable to serve Defendant King. It is therefore still possible that Defendant King may be served at a later date.

In Plaintiff's request for documents, he states that he has become separated from his legal property during a recent prison transfer. He requests copies of his entire October 26, 2012, complaint and the April 30, 2013, Findings and Recommendations.

The Court generally does not provide copies of documents, and at this stage, the Court will not make an exception. On September 26, 2013, Plaintiff filed a separate motion for the return of his legal property. In that motion, Plaintiff states that a request was made to Kern Valley State Prison on September 10, 2013, regarding the transfer of his property. Plaintiff also states that the matter is currently under formal and informal review. Plaintiff was transferred recently and the request was made two weeks ago, and it is therefore possible that Plaintiff will soon be provided with his property.[1] As this may moot his request for copies of documents, the Court DENIES the motion without prejudice. Plaintiff may requests additional extensions of time to oppose the motion to dismiss if he continues to be without his legal property during the time for filing an opposition.

IT IS SO ORDERED.

Dated: **September 29, 2013**          /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will monitor further developments regarding the return of Plaintiff's property and order Defendants to respond to his motion, if necessary.

2